UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**BETTY NICHOLE GORE HVAMSTAD**  **CASE NO. 3:22-CV-01431**

**VERSUS**  **JUDGE TERRY A. DOUGHTY**

**NATIONAL INTERSTATE INSURANCE CO. ET AL.**  **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. #9], filed by Plaintiff Betty Nichole Gore Hvamstad. The motion is opposed. [docs. #11, 12]. For reasons that follow, it is recommended that Hvamstad's motion be DENIED.

## Background

On May 26, 2022, Plaintiff Betty Nichole Gore Hvamstad ("Plaintiff") filed the instant wrongful death action in the Third Judicial District Court, Lincoln Parish, State of Louisiana against Defendants Elizabeth Hill; Pafford Emergency Medical Services, Inc.; and National Interstate Insurance Company (collectively, "Defendants"). [doc. #1-4, p. 1]. Plaintiff seeks damages arising from an automobile accident that resulted in the death of her husband, James Hvamstad. *Id.*

According to the state court petition, on January 31, 2022, James Hvamstad was driving his vehicle west on Interstate 20 in Ruston, Louisiana, when an ambulance struck his vehicle from behind. [doc. #1, p. 15]. As a result of the collision, the vehicle flipped over and caught on fire. *Id.* Hvamstad was thrown about the interior of the vehicle, causing severe injuries and burns. *Id.* Plaintiff alleges that the collision was caused by Defendant Hill's negligence and failure to properly maintain control of the ambulance involved in the collision. *Id.* Plaintiff further alleges

that Hill was acting in the course and scope of her employment with Defendant Pafford Emergency Medical Services, Inc. ("Pafford") and that Pafford is vicariously liable. *Id.* at 15-16.

Plaintiff alleges that the ambulance was owned by Pafford and that on the date of the accident Defendant National Interstate Insurance Company ("National") had in effect a policy of liability insurance (the "Policy") issued to Pafford covering the ambulance. *Id.* Plaintiff further alleges that under the terms of the Policy, National is bound to pay for any damages arising out of the operation, maintenance, or use of the ambulance and indemnifies all liabilities arising out of any negligence associated thereto. *Id.* at 16.

Plaintiff seeks wrongful death damages, including medical and funeral expenses; loss of love and affection; grief; loss of support and nurture; and loss of services, society, and consortium. *Id.* at 17.

On May 27, 2022, Defendants removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 1. Plaintiff is a citizen of Texas. *Id.* at 4. Defendants Hill and Pafford are citizens of Louisiana, while Defendant National is a citizen of Ohio. *Id.* Defendants argue that it is facially apparent that Plaintiff's claims exceed the $75,000 jurisdictional minimum. *Id.* at 3. Defendants further argue that they satisfied the procedural requirements for removal because the notice of removal was filed within thirty days of the Petition, and no defendants had been served. *Id.* at 5.

On June 23, 2022, Plaintiff filed the instant motion to remand. [doc. #9]. Therein, Plaintiff argues that Defendants improperly removed the case to federal court in violation of 28 U.S.C. § 1441(b)(2) because no defendants were served at the time of removal, and the case was removed by a forum defendant. *Id.*

On June 28, 2022, Defendants filed their opposition. [doc. #12]. Therein, Defendants argue that removal was proper because the matter was snap removed before any Defendant was served. *Id.* Plaintiff did not file a reply.

Accordingly, this matter is ripe.

## Analysis

Federal courts are courts of limited jurisdiction. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Removing defendants have the burden of establishing the Court's subject matter jurisdiction. *Id.* at 1253-54.

Defendants invoked diversity jurisdiction when this case was removed, which requires complete diversity of citizenship between plaintiff and defendants and requires the amount in controversy to exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a); *Flagg v. Stryker Corp.*, 819 F.3d 132, 135-36 (5th Cir. 2016). The parties do not dispute diversity of citizenship; Plaintiff is a citizen of Texas, Defendants Hill and Pafford are citizens of Louisiana, and Defendant National is a citizen of Ohio. And although Plaintiff does not specify the amount of her damages, it is facially apparent that the claims exceed the jurisdictional amount. *See White v. FCI USA,* 319 F.3d 672, 675 (5th Cir. 2003).

Plaintiff argues, however, that Defendants improperly removed the case to federal court in violation of § 1441(b)(2). Commonly known as the "forum-defendant rule," § 1441(b)(2) provides that removal based on diversity jurisdiction is permitted only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (quoting § 1441(b)(2)). Thus,

the forum-defendant rule "prevents defendants from removing diversity cases to federal court if one of the defendants resides in the forum state." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 820 (5th Cir. 2021) (Ho, J., concurring). Importantly, the forum-defendant rule is procedural, not jurisdictional—therefore, "a failure to comply with the rule is a defect in removal procedure that is waived unless an objection is timely filed." *MidSouth Bank v. Quality Cos. USA, LLC*, No. 6:19-cv-00091, 2019 WL 2413432, at *1 (W.D. La. Feb. 8, 2019) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d at 391).

There is, however, an exception to the forum-defendant rule. Snap removal allows a state-court defendant to circumvent the forum-defendant rule by removing cases to federal court on diversity grounds immediately after a plaintiff filed in state court, but before the plaintiff serves the defendant. *Serafini v. Southwest Airlines Co.*, 485 F. Supp. 3d 697, 699 (N.D. Tex. Sept. 8, 2020). The Fifth Circuit first considered snap removal in *Texas Brine Company, LLC v. American Arbitration Association, Inc.*, where it held that the plain text of § 1441(b)(2) renders it inapplicable unless a forum defendant has been "properly joined and served" at the time of removal. 955 F.3d 482, 486 (5th Cir. 2020) (quoting § 1441(b)(2)).

Plaintiff argues in her motion to remand that the facts of this case are distinguishable from *Texas Brine*. According to Plaintiff, *Texas Brine* addressed whether a *non-forum* defendant may remove a case when no forum defendant has been served—not whether, as here, an unserved *forum* defendant may remove a case to federal court when no forum defendant has been served. Thus, according to Plaintiff, this Court should "re-examine the analysis of the language of [§ 1441(b)(2)]" and find that a different result should follow when an unserved forum defendant removes a case to federal court. [doc. #9-1, p. 17-18].

4

The undersigned disagrees. While the Fifth Circuit has not explicitly addressed whether an unserved forum defendant may remove a case to federal court, it endorsed the Second Circuit's interpretation of § 1441(b)(2) holding that such a removal is proper:

> We agree with a comment made by the Second Circuit: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."

*Texas Brine*, 955 F.3d at 486 (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (holding that a forum defendant may remove a case to federal court when no forum defendant has been served)). Indeed, in the wake of *Texas Brine*, district courts within the Fifth Circuit—including this Court[1]—have repeatedly held that a forum defendant may remove a case to federal court as long as no forum defendant has been served. *See Miller v. Miller*, No. 22-cv-335, 2022 WL 1397721, at *2 (W.D. La. Apr. 11, 2022) (unserved forum defendant removed case); *Finton*, 2022 WL 611581, at *3-4 (forum defendant not served prior to removal); *Chastain v. New Orleans Paddlewheels, Inc.*, No. 21-1581, 2021 WL 5578443 (E.D. La. Nov. 30, 2021) (forum defendant can remove case prior to service); *Baker v. Bell Textron, Inc.*, No. 3:20-cv-292-X, 2021 WL 1377372, at *4 (N.D. Tex. Apr. 12, 2021); *Serafini*, 485 F. Supp. at 699; *Latex Constr. Co. v. Nexus Gas Transm., LLC*, No. 4:20-1788, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020). Thus, notwithstanding Plaintiff's arguments that these decisions amount to "judicial repeal" of § 1441(b)(2) and over 200 years of established law, this Court sees no reason to depart from our previous holding and our sister courts' holdings that the plain text of § 1441(b)(2) allows a

---

[1] *See Miller v. Miller*, No. 5:22-cv-335, 2022 WL 1321126, at *1 (W.D. La. May 3, 2022) (Judge Doughty adopting Judge Hornsby's Report & Recommendation); *Finton v. Blackford*, No. 3:21-03586, 2022 WL 611581, at *3-4 (W.D. La. Feb. 14, 2022).

defendant to remove a case to federal court, so long as no forum defendant has been served, and the court otherwise can assume jurisdiction.[2]

In this case, the parties agree that Defendants removed the case before any forum defendant was served. Thus, the forum-defendant rule does not apply. Further, the parties agree that there is complete diversity and that the claim exceeds the jurisdictional amount. Thus, this Court has diversity jurisdiction pursuant to § 1332(a). Accordingly, removal was proper, and Plaintiff's motion to remand should be denied.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's motion to remand [doc. #9] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL**

---

[2] Plaintiff advances numerous historical arguments about the removal statute and Congress's intent in enacting it. [doc. #9-1, p. 9-14]. Plaintiff relies heavily on *Bowman v. PHH Mortgage Corp.*, 423 F. Supp. 3d 1286, 1292 (N.D. Ala. Oct. 10, 2019); *Gentile v. Biogen Idec Inc.*, 934 F. Supp. 2d 313, 320 (D. Mass. Feb. 21, 2013); and *Hawkins v. Cotrell, Inc.*, 785 F. Supp. 2d 1361, 1369 (N.D. Ga. May 19, 2011), which are not binding on this Court and are less persuasive than the Fifth Circuit district court decisions discussed *supra*.

**BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 3rd day of November, 2022.

                                                          KAYLA DYE MCCLUSKY
                                                          UNITED STATES MAGISTRATE JUDGE