UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BETTY NICHOLE GORE HVAMSTAD** | **CASE NO. 3:22-CV-01431** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **NATIONAL INTERSTATE INSURANCE CO. ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

Pending before the undersigned Magistrate Judge is a motion for joinder [doc. #24], filed by Defendants Elizabeth Hill; Pafford Emergency Medical Services, Inc.; and National Interstate Insurance Company (collectively, "Defendants"). The motion is opposed. [doc. #28]. For reasons that follow, Defendants' motion for joinder [doc. #24] is **GRANTED**.[1]

### Background

On May 26, 2022, Plaintiff Betty Nichole Gore Hvamstad ("Plaintiff") filed the instant wrongful death and survivorship action in the Third Judicial District Court, Lincoln Parish, State of Louisiana, against Defendants Elizabeth Hill; Pafford Emergency Medical Services, Inc.; and National Interstate Insurance Company (collectively, "Defendants"). [doc. #1-4, p. 1]. Plaintiff seeks damages arising from an automobile accident that resulted in the death of her alleged husband, James V. Hvamstad. *Id.*

According to the state court petition, on January 31, 2022, James V. Hvamstad ("Decedent") was driving his vehicle west on Interstate 20 in Ruston, Louisiana, when an

---

[1] As this motions is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

ambulance struck his vehicle from behind. [doc. #1, p. 15]. Plaintiff alleges that the collision was caused by Defendant Hill's negligence and failure to properly maintain control of the ambulance involved in the collision. *Id.* Plaintiff further alleges that Hill was acting in the course and scope of her employment with Defendant Pafford Emergency Medical Services, Inc. ("Pafford") and that Pafford is vicariously liable. *Id.* at 15-16.

Plaintiff seeks wrongful death damages, including medical and funeral expenses; loss of love and affection; grief; loss of support and nurture; and loss of services, society, and consortium. *Id.* at 17.

On May 27, 2022, Defendants removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 1. On June 23, 2022, Plaintiff filed a motion to remand. [doc. #9]. On November 3, 2022, the undersigned recommended that Plaintiff's motion to remand be denied. [doc. #13]. On November 18, 2022, Judge Doughty adopted the undersigned's recommendation. [doc. #19].

On February 15, 2023, Defendants filed the instant motion for joinder. [doc. #24]. Therein, Defendants seek to join James Richard Hvamstad as a necessary and indispensable Plaintiff under Federal Rule of Civil Procedure 19. *Id.*

On March 10, 2023, Plaintiff filed her opposition. [doc. #28]. On March 17, 2023, Defendants filed their reply. [doc. #29].

On March 29, 2023, Defendants filed a motion to substitute Rodney J. Lacoste in place of Victoria R. Bradshaw. [doc. #30]. The undersigned granted the motion on March 30, 2023. [doc. #32].

On May 1, 2023, the undersigned denied Defendants' motion for joinder. [doc. #33]. On May 12, 2023, Defendants filed an appeal of the undersigned's decision. [doc. #34]. On June 2, 2023, Plaintiff filed her opposition to Defendants' appeal. [doc. #36].

On June 6, 2023, the undersigned vacated the order denying Defendants' motion for joinder, noting that Defendants raised new arguments in their appeal. [doc. #37].

Accordingly, this matter is ripe.

## Discussion

I.     Rule 19 Standard

Federal Rule of Civil Procedure 19 "directs federal courts to join 'required' parties when feasible." *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019). Rule 19(a)(1) provides in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>
> > (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > >
> > > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

A party is "required" under Rule 19 if "in that person's absence, the court cannot accord complete relief among existing parties" or "disposing of the action in the person's absence

3

may . . . impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). "Thus, Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Mallet on Behalf of B.M. v. Geans*, Civ. No. 6:19-cv-427, 2019 WL 5096094, at *2 (W.D. La. Aug. 28, 2019). Rule 19 also provides for the dismissal of the suit if it should not proceed without parties who cannot be joined. *Id.* (citing *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003)).

The party advocating joinder has the initial burden of demonstrating that a missing party is necessary; however, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder. *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (quotations omitted).

II.   Analysis

On appeal to Judge Doughty, Defendants raise new arguments that were not before the Court when it originally denied joinder. In their moving brief to the undersigned, Defendants primarily argued that Louisiana law requires all survival action and wrongful death beneficiaries to join a single suit and assert their claims together. [doc. #24, p. 4; doc. #29, p. 3]. Defendants also argued that "[u]nless James Richard Hvamstad is joined as a party, the Court cannot provide complete relief to Gore since Louisiana law requires that both Hvamstad and Gore pursue their claims in one forum." On appeal, they appear to concede this is incorrect because only Hvamstad or Gore, and not both, can assert wrongful death and survivorship claims.[2] [doc. #34-1, p. 1].

---

[2] In their moving brief, Defendants made a cursory argument that Defendants "would face the 'substantial risk of incurring double, multiple, or otherwise inconsistent obligations'" if their motion was not granted. [doc. #24, p. 8].

4

Rather, Defendants now argue that they face a substantial risk of incurring multiple obligations because different courts might reach different conclusions as to whether Plaintiff was the common law wife of Decedent. [doc. #34-1, p. 2]. According to Defendants, by joining James R. Hvamstad, this Court would be the only one[3] that could issue a binding ruling as to all parties, conclusively resolving the threshold issue of whether Gore is the proper beneficiary and common law wife of Decedent. *Id.* Further, Defendants argue that this Court's determination as to whether Plaintiff has standing likely will not be binding on Hvamstad unless he is joined in this action. Thus, Defendants argue that they "certainly face risk of inconsistent obligations." *Id.* at 3. Specifically, Defendants provide several hypotheticals: Defendants could seek dismissal of Plaintiff's action for lack of standing, which this Court could deny; at the same time, Defendants could seek dismissal of Hvamstad's state court action for lack of standing which the state court could deny. In that scenario, Defendants would face inconsistent rulings that both Hvamstad and Gore have standing to bring their claims. Alternatively, Defendants could prevail on each motion, leaving no party with standing to bring claims. Defendants also suggest that each Plaintiff could proceed with their respective suits without any resolution of who has standing to bring the claims, or that Gore and Hvamstad might "collude in Texas to establish that Gore is the common law wife in exchange for Hvamstad receiving a monetary stake in any settlement or judgment against the Defendants." [doc. #34-1, p. 3].

Thus, now, Defendants' primary argument is that Hvamstad is a necessary party because, absent his joinder, Defendants are subject to a substantial risk of incurring inconsistent obligations.

---

[3] There are three suits related to this incident: (1) the instant action, (2) James R. Hvamstad's wrongful death and survivorship suit in Louisiana state court, and (3) an action in Texas state court where Hvamstad is contesting whether Gore and Decedent had a common law marriage.

5

A party's interest in being free from multiple litigation deserves some weight in the Court's analysis of Rule 19 interests. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1313 (5th Cir. 1986). "Rule 19 also considers the public's interest in efficient dispute resolution. The presence of multiple litigation and its attendant burdens on the parties and the court system should also be considered." *Id.* Furthermore, the risk of subsequent litigation absent a party's joinder may be sufficient to make the party-to-be-joined *necessary* but not *indispensable*. *See Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988) (the spectre of subsequent litigation makes party-to-be-joined a *necessary* party but not an *indispensable* one; thus, the district court erred in dismissing the case for lack of subject matter jurisdiction). Thus, under Fifth Circuit case law, when considering whether a party is necessary under Rule 19, the Court may consider the threat of multiple litigation, judicial economy, and the specific facts of a particular case. *See Shelton*, 843 F.2d at 218; *Pulitzer-Polster*, 784 F.2d at 1313.

At the same time, the undersigned recognizes that some courts read Rule 19(a)(1)(B)(ii) more narrowly, finding it is concerned with the risk of inconsistent *obligations* rather than inconsistent *adjudications* or *outcomes*. *See Woodard v. Woodard Villa, Inc.*, Civ. No. 15-1777, 2016 WL 1298995, at *4 (W.D. La. Mar. 31, 2016) (citing *Delaado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) ("Inconsistent obligations are not, however the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." A risk of inconsistent adjudications or results does not necessitate joinder of all parties into one action.)); *see also CHU de Quebec – Universite Laval v. DreamScape Dev. Grp. Holds., Inc.*, Civ. No. 4:21-

cv-182-SDJ, 2022 WL 3441872, at *8 (E.D. Tex. Aug. 16, 2022) (denying motion to dismiss for failure to join indispensable parties where Defendant claimed only that it faced a risk of subsequent litigation absent joinder—not that it would be unable to comply with one court's order without breaching another court's order concerning the same incident); *Immobiliaria Axial, S.A. de C.V. v. Robles Intern. Servs. Inc.*, No. EP-07-CA-00268-KC, 2007 WL 2973483, at *6 (W.D. Tex. Oct. 11, 2007) (risk of inconsistent adjudications does not necessitate joinder of all parties into one action).

      Importantly, many of the cases applying a narrower reading of Rule 19 involve a motion to *dismiss* for failure to join a necessary party, rather than a motion to *join* a necessary party. *See Woodard*, 2016 WL 1298995 (motion to dismiss for failure to join a necessary party); *CHU de Quebec*, 2022 WL 3441872 (motion to partially dismiss plaintiff's complaint for failure to join required parties); *Immobiliaria Axial*, 2007 WL 2973483 (motion to dismiss for failure to join an indispensable party). While the Rule 19 analysis is the same, the posture places the analysis in a different light. The consequence of a Rule 19 analysis in a motion to dismiss is, obviously, the dismissal of Plaintiff's case. Conversely, in this case, Defendants do not seek dismissal; they seek joinder of Hvamstad, so that all the parties might receive a single, binding adjudication as to who has standing to bring these claims. Therefore, while the risk of a Defendant facing subsequent or multiple litigation might not justify the *dismissal* of a case, it does, at the very least, weigh in favor of joinder where the Court will adjudicate the rights of Plaintiff and Defendant, regardless of whether James R. Hvamstad is joined. His joinder here ensures that the Court's decision is binding on all interested parties.

      Absent James R. Hvamstad's joinder, Defendants face a significant risk of multiple litigation. Indeed, there is already parallel litigation ongoing in Louisiana state court and Texas

state court. As mentioned above, under Louisiana law, either Betty Gore Hvamstad or James R. Hvamstad—not both—can bring survivorship and wrongful death claims against Defendants, depending on whether Betty Gore Hvamstad was, in fact, Decedent's common law wife. As it stands, it is possible that this Court, the Louisiana state court, and the Texas state court might all reach different conclusions on the status of the purported common law marriage. Consequently, Defendants might face inconsistent adjudications as to which party has standing to assert claims against them. This is unnecessary given that this Court may join all interested parties in a single suit. It is also important to note that James R. Hvamstad was apparently provided notice[4] of the instant motion and did not file any opposition. Of course, this was also true when the undersigned originally denied joinder[5]—however, in light of Defendants' new arguments as to the significant risk of inconsistent obligations, the undersigned finds that Hvamstad is a necessary party.[6]

Accordingly, Defendants' motion for joinder is GRANTED.

---

[4] On February 26, 2023, the undersigned directed the Clerk of Court to provide James R. Hvamstad with notice of the instant motion's setting. [doc. #27]. The notice was mailed to counsel for Hvamstad on February 17, 2023.

[5] The undersigned is sympathetic to Plaintiff's position that, had Defendants simply "snap removed" James R. Hvamstad's case from Louisiana state court, just as they did Plaintiff's, then they would not need a "second bite at the apple." Nonetheless, the fact that Defendants failed to snap remove James R. Hvamstad's case does not disavow them of their right to seek his joinder under Rule 19.

[6] The Parties do not appear to dispute that James R. Hvamstad can be joined without threatening the Court's jurisdiction; accordingly, the Court need not consider whether Hvamstad is indispensable.

**Conclusion**

For the foregoing reasons, Defendants' motion for joinder [doc. #24], is **GRANTED**.

In Chambers, at Monroe, Louisiana, on this 29th day of June, 2023.

                                            KAYLA DYE MCCLUSKY
                                            UNITED STATES MAGISTRATE JUDGE