UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BETTY NICHOLE GORE HVAMSTAD** | **CIV. ACTION NO. 3:22-01431** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **NATIONAL INTERSTATE INSURANCE CO ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for relief from joinder [doc. #46] filed by Plaintiff James Richard Hvamstad. The motion is opposed. [doc. #50].

For reasons assigned below, it is recommended that the motion be GRANTED IN PART, DENIED IN PART, and the case DISMISSED WITHOUT PREJUDICE.

### Background

This action began on May 26, 2022, when Plaintiff Betty Nichole Gore Hvamstad ("Gore") filed a petition for damages in the Third Judicial District, Lincoln Parish, Louisiana, against Elizabeth Hill, National Interstate Insurance Company, and Pafford Emergency Medical Services, Inc. (collectively "Defendants"). Gore's Petition for Damages [doc. #1-4]. Gore sought damages in relation to a car accident that occurred on January 31, 2022, and resulted in the death of her putative husband, James Vernon Hvamstad ("Decedent"). *Id.* Defendants removed the action to this Court on May 27, 2022. Notice of Removal [doc. #1].

On January 23, 2023, James Richard Hvamstad ("Hvamstad"), Decedent's father, filed a petition for damages against Defendants based upon the January 31, 2022, accident in the Third Judicial District, Lincoln Parish, Louisiana ("the Louisiana Case"). Hvamstad's Petition for

Damages [doc. #24-2]. Defendants moved to join Hvamstad to the instant action on February 15, 2023. M/Joinder [doc. #24]. In so doing, Defendants did not seek to remove the Louisiana Case. *See generally id.* Joinder was granted on June 29, 2023. [doc. #40].

Running parallel to the case before this Court, Gore and Hvamstad sought to clarify who was the rightful heir of Decedent in Texas State court ("the Texas Case"). On March 7, 2024, the County Court of Hardin County, Texas, issued a judgment declaring Hvamstad, Stephen Hvamstad, and Shelby Young as Decedent's heirs (the latter two being Decedent's siblings). Judgment Declaring Heirship [doc. #46-2].

On March 30, 2024, Hvamstad filed the instant motion for relief from joinder pursuant to Federal Rule of Civil Procedure 60(b). M/Relief from Joinder [doc. #46]. He seeks dismissal of his claims without prejudice and a declaration that "he is permitted to pursue [the Louisiana Case]," or, in the alternative, remand. *Id.* Defendants filed their opposition on April 10, 2024. Opposition to M/Relief from Joinder [doc. #50]. The next day, on April 11, 2024, Gore filed a voluntary motion to dismiss her claims. Voluntary M/Dismiss [doc. #51]. A day later, on April 12, 2024, Gore's claims were dismissed without prejudice. [doc. #52]. On April 16, 2024, Hvamstad replied to Defendants' opposition. Reply to Opposition to M/Relief from Joinder [doc. #53].

Briefing is complete. Accordingly, this matter is ripe.

## Analysis

**I.  Legal Standard**

Federal Rule of Civil Procedure 60(b) empowers courts to relieve parties from orders for, *inter alia*, "newly discovered evidence that . . . could not have been discovered in time to move for a new trial under" Rule 59(b) or for any reason "that justifies relief." FED. R. CIV. P.

2

60(b)(2), (6). Relief under Rule 60(b)(6)'s catchall provision is available only in extraordinary circumstances. *Buck v. Davis*, 580 U.S. 100, 123 (2017). To determine whether such circumstances are present, courts may consider whether denial of relief risks injustice to the parties and in other pending cases. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (enumerating factors to consider when analyzing whether to grant relief under Rule 60(b) for putative violation of 28 U.S.C. § 455).

## II.   Discussion

### a.   *Relief from Joinder*

In requesting relief under Rule 60(b), Hvamstad specifically invokes that rule's "newly discovered evidence" and catchall provisions as bases for relief. Memo in Support of M/Remand [doc. #46-1, p. 3]. The time to move for a new trial under Rule 59(b) has not passed.[1] Relief under Rule 60(b)(2) would thus be inappropriate. However, the door remains open for relief pursuant to Rule 60(b)(6). The following analysis will therefore discuss whether denial of relief risks causing injustice.

Prior to Gore's dismissal, the wrongful death and survival claims at issue in this case could only be maintained by Hvamstad or Gore, but not both.[2] Defendants conceded as much.

---

[1] Rule 59(b) requires a motion for a new trial to be filed "not later than 28 days after the entry of judgment." FED. R. CIV. P. 59(b).

[2] Under Louisiana law, survival and wrongful death actions are statutorily created remedies with exclusive availability to certain listed beneficiary classifications. *Mallet ex rel. B.M. v. Geans*, No. 19-00427, 2019 WL 5096094, at *2 (W.D. La. Aug. 28, 2019), *report and recommendation adopted* 2019 WL 5096081 (W.D. La. Oct. 10, 2019). "Any beneficiaries belonging to a higher classification possess the sole right to maintain the cause of action, and they exclude all other beneficiaries belonging to all lower classifications." *Id.* at *3 (quoting *In re Theobald*, 263 So.3d 960, 965 (La. App. 5 Cir. 12/27/18)). A decedent's surviving spouse or children constitute the highest and most preferred classification, while parents of a decedent are the second and subordinate class. LA. CIV CODE arts. 2315.1, 2315.2. Consequently, if Gore were Decedent's

Memo in Support of Appeal of Magistrate Judge's Decision [doc. #34-1, p. 1] ("Both [Gore and Hvamstad] cannot have viable rights of action under Louisiana law related to classifications of beneficiaries."). As long as this situation remained unresolved and the Louisiana Case remained pending, there was a risk that inconsistent rulings could be issued, leading to competing judgments. In this situation, absent joinder, Defendants would be obligated to litigate multiple matters concerning the same incident and liabilities arising therefrom. Thus was Hvamtad's joinder necessitated. With Gore's dismissal, these risks have evaporated. While this conclusion does not indicate that denial of the requested relief would result in injustice, it does emphasize that the circumstances originally necessitating Hvamstad's joinder to this case have ceased to exist. The undersigned finds this a compelling rationale to grant the requested relief. It is relevant that the Louisiana Case was filed in Louisiana State court and the conditions that brought Hvamstad into federal court have abated. The undersigned finds that denial of the requested relief would result in injustice by needlessly impeding Hvamstad's ability to pursue his claims in the forum of his choosing. Consequently, the undersigned finds the requested relief is justified.

Defendants offer several arguments against dismissal. First, they contend that there are three pending suits – (1) the instant case; (2) the Louisiana Case; and (3) the Texas Case – "with different combinations of parties all addressing the same threshold issue of Gore's marital status to Decedent." Opposition to M/Relief from Joinder [doc. #50-1, p. 5].[3] Defendants argue that the issues shared between these cases is the "reason why Hvamstad was properly joined to this

---

spouse, Hvamstad would not have a right to recovery; if Gore were not Decedent's spouse, Hvamstad would have the right.

[3] Defendants filed their opposition memorandum prior to Gore's dismissal from this case.

4

lawsuit." *Id.* The Texas Case has been resolved, *see* Judgement Declaring Heirship [doc. #46-2], and the instant case no longer turns on the "threshold issue" of Gore's marital status. The two remaining cases– this proceeding and the Louisiana Case – are based entirely on Hvamstad's claims against Defendants. If anything, this state of affairs favors dismissal as the litigation of similar claims arising from the same facts between the same parties risks competing judgments and obligations. The undersigned is thus unconvinced that the existence of multiple lawsuits favors a maintenance of the status quo.

Defendants next argue that "neither this Court nor the Louisiana State Court [should] give Full Faith and Credit" to the judgment concerning heirship in the Texas Case. Opposition to M/Relief from Joinder [doc. #50-1, pp. 7-8]. This position is predicated on Defendants' contention that this Court "cannot be bound by [the Texas Case court's] determination as *res judicata*" because that court's judgment cannot be invoked for preclusive effect. *Id.* at p. 7.[4] However, this argument misses the mark. Under Texas law, "[r]es judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). The Texas Case litigated who the Decedent's heirs were, but Hvamstad does not seek to litigate that issue here (or in the Louisiana Case). Critically, the Texas Case did not litigate Defendants' potential liability for the accident resulting in the Decedent's death. In short, Defendant's argument is inapplicable and, thus, ineffectual.

---

[4] To determine the preclusive effect of a state court judgment, federal courts apply the law of the state in which the judgment was rendered. *Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). Under Texas law, parties asserting claim preclusion must prove the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *In re 3 Star Props., LLC*, 6 F.4th 595, 605 (5th Cir. 2021).

Defendants also argue that, even after dismissal, Gore "may still be a real party in interest." Opposition to M/Relief from Joinder [doc. #50, p. 11]. Defendants contend that Gore is the real party in interest as she and Hvamstad have entered into an agreement "that she will not claim to be [Decedent's] common law wife" and will "abandon her own claim and seek recovery via [Hvamstad's] claim." *Id.* at p. 5. Defendants provide no evidence of this agreement.[5] Even if such an agreement existed, Defendants do not argue that it assigns any rights to Gore. The real party in interest is "the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Farrell Const. Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir. 1990). "A federal court sitting in diversity must look to state law to determine which party holds the substantive right." *Farrell Constr. Co.*, 896 F.2d at 140. Louisiana law allows assignment of "a personal injury claim that is the subject of an extant lawsuit." *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999). Absent allegations or evidence of an assignment of rights, there is nothing before the undersigned to indicate that, because of the alleged agreement, Gore holds the substantive right to be enforced here.[6] Furthermore, Gore may benefit from the final disposition of any of Hvamstad's claims without being a real party in interest. Consequently, the undersigned declines to find that Gore is the real party in interest.

Relatedly, Defendants contend that this Court is "not bound by a probate court's determination of common law status." Opposition to M/Relief from Joinder [doc. #50-1, p. 9].

---

[5] While Hvamstad does not acknowledge any such agreement, he does not deny the existence of one either.

[6] The undersigned also notes that "an inchoate personal injury cause of action that has not yet been sued on" is not assignable. *Id.* To the extent Hvamstad has a right to bring suit pursuant to additional causes of action, it would be impermissible for such right to be assigned at this time.

However, Defendants belie their own point by quoting *Ortega Garcia v. United States*: "Texas family law, not the probate court's determination of marital statue for purposes of inheritance law, determines *standing* for wrongful death and survival claims."  986 F.3d 513, 523 n.25 (5th Cir. 2021) (emphasis added); *see also* Opposition to M/Relief from Joinder [doc. #50-1, p. 10] (quoting same).  Properly stated, this Court is not bound by a probate court's determination of marital status *as it pertains to standing*.  It would therefore be inappropriate to paint with a broad brush and say this Court is not bound in any way by a probate court's determination of marital status.  Indeed, the Full Faith and Credit Clause requires that the laws of Texas be given proper recognition in Louisiana courts (and thus federal courts sitting in diversity in Louisiana).  *See* U.S. CONST. art. IV, § 1.  The Texas State court's judgment that Hvamstad is an heir of Decedent – and that Gore is not – must thus be accorded full effect.[7, 8]

        Moving beyond substantive law, Defendants argue that Hvamstad's motion should be denied because "[t]he parties and Court have expended significant resources on the removal, motion to remand, and joinder issue."  Opposition to M/Relief from Joinder [doc. #50-1, p. 9].  Defendants specifically note that discovery has been exchanged, a deposition taken, and further depositions scheduled.  *Id.*  While it would be preferable for this Court to not expend resources on a case only to dismiss it, the interest of justice is the lodestar of all judicial activity.  Here, Hvamstad is entitled to litigate his case in the forum of his choosing and justice does not otherwise demand that the case remain before this Court.  The fact that the discovery process has

---

[7] The undersigned emphasizes that the relevant inquiry is ultimately not marital status but rather heirship.  That said, while Louisiana does not allow for common law marriage under its own laws, courts of that state recognize such marriages if validly confected in other states.  *Fritsche v. Vermillion Parish Hosp. Serv. Dist. No. 2*, 893 So.2d 935, 937 (5th Cir. 2005).

[8] The judgment in the Texas Case, in and of itself, does not guarantee that Hvamstad has standing.

7

already proceeded does little to counsel against dismissal as the discovery collected in the instant case may be the foundation for further discovery in any Louisiana State court proceeding. The undersigned finds that the expenditure of resources in the present matter does not weigh against dismissal.

Accordingly, it is RECOMMENDED that Hvamstad's motion be granted to the extent it seeks dismissal without prejudice.[9]

b. Declaratory Relief

Hvamstad has requested that the Court issue "a declaration that nothing in the law of removal will prevent Hvamstad from pursuing *his* case in state court." Memo in Support of M/Relief from Joinder [doc. #46-1, p. 4] (emphasis in original). Issuing such a declaration would amount to an advisory opinion. "[F]ederal courts do not issue advisory opinions." *Transunion LLC v. Ramirez*, 594 U.S. 413, 424 (2021). Furthermore, issuing such a declaration would necessarily implicate the laws of Louisiana, analysis of which are best left to the courts of that state to opine upon. Hvamstad has requested dismissal without prejudice, so he must abide by the consequences of being granted the sought-after relief.

Accordingly, it is RECOMMENDED that Hvamstad's motion be denied to the extent it seeks declaratory relief.

---

[9] As an alternative relief to dismissal without prejudice, Hvamstad seeks remand of the case. M/Relief from Joinder [doc. #46]. Defendants oppose remand. Opposition to M/Relief from Joinder [doc. #50-1, p. 9]. The Louisiana Case was not removed to this Court, nor has it been consolidated with the instant matter. Rather, Hvamstad was joined to this case. Therefore, the Louisiana Case is not before the Court. If the Court were to order "remand" of the case, it would be doing so in name only. Practically speaking, "remand" in the present matter would amount to this Court directing a Louisiana court to take on a case that had not previously been before it. Bearing in mind interests of comity, the undersigned cannot recommend such a course of action. Rather, dismissal without prejudice is the preferable route, allowing Hvamstad to pursue the Louisiana Case to the extent practicable under that state's laws.

**Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff James Richard Hvamstad's motion for relief from joinder [doc. #46] be **GRANTED IN PART** to the extent it seeks relief from joinder, **DENIED IN PART** to the extent it seeks declaratory relief, and the case be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 21st day of June, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE